IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02845-MSK-MJW

CIENA COMMUNICATIONS, INC., a Delaware Corporation

Plaintiff,

v.

JAMES J. NACHAZEL, an Individual, and

ALCATEL-LUCENT USA INC., a Delaware Corporation

Defendants.

---

**STIPULATED PROTECTIVE ORDER** (DN 43-1)

---

Plaintiff Ciena Corporation ("Ciena") and Defendants James J. Nachazel ("Nachazel") and Alcatel-Lucent USA Inc. ("Alcatel-Lucent") (together, the "Parties") hereby stipulate and move, under Rule 26(c) of the Federal Rules of Civil Procedure, for a Protective Order governing the treatment of Confidential Information and Highly Confidential Information (as hereinafter defined), and, as grounds therefor, state as follows:

1. In this action, each of the Parties is seeking or will seek Confidential Information and/or Highly Confidential Information (as defined in Paragraphs 2 and 3 below) through written discovery in this case and expect that there will be questioning concerning such Confidential Information and/or Highly Confidential Information in the course of depositions. The Parties assert that the disclosure of such Confidential Information and/or Highly Confidential Information outside the scope of this litigation could result in significant injury to one or more of the Parties' business or privacy interests, and/or the privacy interests of Ciena's or Alcatel-

Lucent's current or former employees, customers or related entities. The Parties have agreed to the language of this proposed Protective Order and entered into this Stipulation in order to protect those interests and request that the Court enter the Protective Order for the purpose of preventing the disclosure and use of Confidential Information and/or Highly Confidential Information except as set forth herein. Nothing in this Stipulated Order is intended, nor shall it be construed, as either a waiver or an admission that any documents or information are admissible or contain either confidential, proprietary business information, or trade secrets. This Stipulated Order is simply a procedural framework to facilitate the discovery processes and/or provide protections concerning documents and information exchanged between and among the Parties and non-parties in this case. No part of this Stipulated Order shall be used in this action or any other action as evidence that any Party has either waived or admitted to any claims solely by virtue of the act of designating documents or information as Confidential Information or Highly Confidential Information.

2. "Confidential Information" means any document, file, portion of any file, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom, that is designated by one or more of the Parties in the manner provided in Paragraph 4 below, and that contains any personnel, trade secret, research and development, customer, technological, or other confidential or proprietary information.

3. "Highly Confidential Information" means any document, file, portion of any file, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom, that is designated by one or more of the Parties in the manner provided in Paragraph 4 below, and that contains highly sensitive information, such as

for information regarding Ciena's and/or Alcatel-Lucent's product developments and timelines, product concepts, product improvements, marketing plans, forecasts, product costs, pricing, and margin; orders and revenue forecasts; pricing, product costs, and margin by product and customer; competitors and competitive selling information, strategies and techniques; information about either's employees and contractors (including without limitation historical and prospective compensation, incentive structures, job responsibilities and job performances of such employees and contractors); customers and prospective customers, including which customers buy either's products, which products they buy, how much and how often they make purchases; commercial and contractual terms with customers including any discounts or special pricing they have negotiated in the past, and the status of customer relationships including whether such relationships with either are weak or strong (and why); and other commercial, competitive information, the disclosure of which could result in harm to the disclosing Party.

4. Counsel for the disclosing Party is responsible for reviewing the information to be disclosed and designating the information it believes, in good faith, to be Confidential Information or Highly Confidential Information. A designation as Confidential Information or Highly Confidential Information is a certification by the designating Party that the designation is based on a good faith belief that designated information is confidential or otherwise entitled to protection under Fed. R. Civ. P. 26(c)(7). Where Confidential Information and/or Highly Confidential Information is produced, provided or otherwise disclosed by either of the Parties in response to any discovery request, it will be designated in the following manner:

a. With respect to Confidential Information, by imprinting the word "Confidential" on the first and every page of any document produced, or for information

produced in electronic form, by labeling the file, CD, or other medium of storage and transmittal with the term "Confidential Information";

b. With respect to Highly Confidential Information, by imprinting the words "Highly Confidential – Attorneys' Eyes Only" on the first and every page of any document produced, or for information produced in electronic form, by labeling the file, CD, or other medium of storage and transmittal with the term "Highly Confidential Information – Attorneys' Eyes Only";

c. With respect to Confidential Information contained in a response to an interrogatory, request for admission, or similar discovery request, by imprinting the word "Confidential" next to or above any designated response to a discovery request;

d. With respect to Highly Confidential Information contained in a response to an interrogatory, request for admission, or similar discovery request, by imprinting the words "Highly Confidential – Attorneys' Eyes Only" next to or above any designated response to a discovery request; and

e. With respect to transcribed testimony, by designating to opposing counsel and the court reporter or other recorder during testimony those portions of the testimony that are to be identified and sealed in any transcript or record as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" and/or by giving written notice to opposing counsel and the court reporter or other recorder designating those portions of the transcript or record that are "Confidential" or "Highly Confidential

– Attorneys' Eyes Only," as appropriate, no later than ten calendar days after receipt of the transcribed testimony.

5. All Confidential Information provided by either of the Parties in response to a discovery request or transcribed testimony shall be subject to the following restrictions:

a. It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever; and

b. It shall not be communicated or disclosed by counsel for either of the Parties, or by the Parties themselves, in any manner, either directly or indirectly, to anyone other than the Parties, their legal counsel, members of legal counsel's staff, and the Court, under seal as described in Paragraph 13, below. In addition, to the extent that disclosure of Confidential Information to a Party's expert witness is necessary to the work of the expert witness in this case, the Confidential Information may be disclosed to the expert witness, but only after an Affidavit in the form of Exhibit A has been signed by the recipient of the communication or disclosure.

6. Unless otherwise agreed in writing by counsel for the designating Party or pursuant to an order of this Court, all Highly Confidential Information provided by any of the Parties in response to a discovery request or transcribed testimony shall be subject to the following restrictions:

a. It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever;

b. It shall not be communicated or disclosed by counsel for the non-designating Party(ies), in any manner, either directly or indirectly, to any person or other entity, other than the attorneys representing the non-designating Party(ies) in this case, members of that attorney's staff, and the Court, under seal, as described in Paragraph 13, below. In addition, to the extent that disclosure of Highly Confidential Information to a Party's expert witness is necessary to the work of the expert witness in this case, the Highly Confidential Information may be disclosed to the expert witness, but only after an Affidavit in the form of Exhibit A has been signed by the recipient of the communication or disclosure. Highly Confidential Information shall not be disclosed in any way, directly or indirectly, to the non-designating Party(ies).

7. Individuals authorized to review Confidential Information and/or Highly Confidential Information pursuant to this Protective Order shall hold such information in confidence and shall not divulge the Confidential Information or Highly Confidential Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by court order or as described in Paragraphs 5 and 6, above, and shall not use such information for any purpose not necessary to the prosecution or defense of this case.

8. Counsel for the non-designating Parties shall be responsible for assuring compliance with the terms of this Protective Order with respect to persons to whom Confidential Information and/or Highly Confidential Information is disclosed, shall obtain and retain the original affidavits signed by qualified recipients of Confidential Information and/or Highly Confidential Information, and shall maintain a list of all persons to whom any Confidential

Information and/or Highly Confidential Information is disclosed and a description of the specific Confidential or Highly Confidential Information disclosed to each such person.

9. During the pendency of this action, a designating Party may, upon court order or agreement of the Parties, inspect the list maintained by counsel for the non-designating Parties as described in Paragraph 8, above, upon a showing of substantial need, in order to establish the source of an unauthorized disclosure of Confidential Information and/or Highly Confidential Information. If counsel for the non-designating Party(ies) disagrees with the designating Party's counsel's showing of substantial need, then counsel for the non-designating Party(ies) may seek an order requiring inspection under terms and conditions deemed appropriate by the Court. Upon final resolution of this action, counsel for the non-designating Parties shall provide a copy of the list of disclosures to counsel for the designating Party and file a copy of the list under seal with the Court.

10. No copies of Confidential Information and/or Highly Confidential Information shall be made except by or on behalf of counsel in this litigation and such copies shall be made and used solely for purposes of this litigation.

11. During the pendency of this litigation, counsel shall retain custody of Confidential Information and Highly Confidential Information, as well as any copies made therefrom under Paragraph 10 above.

12. If counsel for one or more of the non-designating Parties objects to the designation of certain information as Confidential Information and/or Highly Confidential Information, he or she shall promptly inform the designating Party's counsel in writing of the specific grounds of objection to the designation. Designating counsel shall then within seven (7)

days provide in writing the specific grounds for having designated the information as Confidential Information or Highly Confidential Information. All counsel shall then, in good faith and on an informal basis, attempt to resolve such dispute. If after such good faith attempt, counsel are unable to resolve the dispute, the designating Party may move for a protective order to maintain the Confidential or Highly Confidential status of the information. Any motion for protective order shall be filed within 14 days of receipt by the non-designating Party's(ies)' counsel of the designating counsel's written grounds for the designation of information as Confidential Information or Highly Confidential Information, and the information shall continue to have Confidential Information and/or Highly Confidential Information status from the time it is produced until the ruling by the Court on the motion.

13. Any motion requesting leave to file or introduce documents under seal shall comply with the requirements of D.C.COLO.LCivR 7.2 ~~and 7.3~~ and demonstrate that the Confidential Information and/or Highly Confidential Information at issue is entitled to protection under the standards articulated in *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598-602 (1978) (applied in *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985) and *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir.1980)). Counsel for a Party submitting a motion to seal shall not file Confidential Information and/or Highly Confidential Information or introduce it in a court proceeding unless and until the Court grants the motion to seal. Submission of any Confidential Information and/or Highly Confidential Information to the Court under seal shall not otherwise relieve the Parties or their counsel of their obligations as described in Paragraphs 5 and 6, above.

14. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information and/or Highly Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order until Termination of This Case.

15. By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents and/or information produced subject to the Order.

MJW 4-26-10

16. Upon termination of this litigation, including any appeals, each Party's counsel shall immediately return to the designating Party all Confidential Information and/or Highly Confidential Information produced subject to this Protective Order, and all extracts, abstracts, charts, summaries, notes or copies made therefrom. Counsel also shall provide the Court and the non-designating Party(ies) with written verification that any of counsel's work product referencing Confidential Information and/or Highly Confidential Information has been destroyed.

17. Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information and/or Highly Confidential Information shall be treated at trial.

This Protective Order shall be binding upon any future Party(ies) to this litigation.

DATED this 26th day of April 2010

BY THE COURT:

[signature]

**MICHAEL J. WATANABE**
**U.S. MAGISTRATE JUDGE**
**DISTRICT OF COLORADO**

APPROVED:

s/ Joshua B. Kirkpatrick
Joshua B. Kirkpatrick
Christopher M. Leh
LITTLER MENDELSON P.C.
1200 17th Street, Suite 1000
Denver, CO 80202-5835
Telephone: 303.629.6200
Facsimile: 303.629.0200

ATTORNEYS FOR PLAINTIFF AND COUNTERCLAIM DEFENDANT CIENA COMMUNICATIONS, INC.

s/ Colin L. Barnacle
Charles W. Weese
Colin L. Barnacle
Jackson Lewis LLP
950 Seventeenth Street, Suite 2600
Denver, Colorado 80202

ATTORNEY FOR DEFENDANT ALCATEL-LUCENT USA INC.

s/ Kenneth R. Stettner
Kenneth R. Stettner
Bruce Anderson
Stettner Miller, P.C.
1050 17th Street, Suite 700
Denver, CO 80265-2008

ATTORNEY FOR DEFENDANT AND COUNTERCLAIM PLAINTIFF JAMES J. NACHAZEL

## EXHIBIT A

STATE OF _______ )<br>
) ss.<br>
__________ COUNTY )

____________________, swears or affirms and states under penalty of perjury:

1. I have read the Protective Order entered in Ciena Communications, Inc. v. James J. Nachazel and Alcatel-Lucent USA Inc., (Case No. 09-cv-02845-MSK-MJW), a copy of which is attached to this Affidavit.

2. I have been informed by ____________, Esq., counsel for ___________, that the materials described in the list attached to this Affidavit are, as defined in the Protective Order

___ Confidential Information

___ Highly Confidential Information

[Check all designations that apply to the specific material that has been communicated or disclosed to you. Indicate on the list you attach under paragraph 2 of this Affidavit whether the specific material has been designated as Confidential Information or Highly Confidential Information.]

3. I promise that I have not and will not divulge, or undertake to divulge to any person (including but not limited to the non-designating Party(ies) itself/himself/themselves) or recording device any Confidential Communication or Highly Confidential Information, as the case may be, that is communicated or disclosed to me except as authorized in the Protective

Order. I will not use the Confidential Information or Highly Confidential Information for any purpose other than this litigation.

4. For the purposes of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the court in the civil action referenced above.

5. I will abide by the terms of the Protective Order in this case.

Executed this ___ day of _______, 20__

_______________________________

STATE OF _______ )
) ss.
__________ COUNTY )

SUBSCRIBED AND SWORN TO before me this ____ day of ________ 20__, by _______________.

WITNESS MY HAND AND OFFICIAL SEAL.

_______________________________________
Notary Public

My Commission Expires _________________